**Diane E. NEUMANN and Helmut Neumann, Plaintiffs,**

**v.**

**AID ASSOCIATION FOR LUTHERANS, Defendant.**

**No. CV–89–200–GF.**

United States District Court,
D. Montana,
Great Falls Division.

Sept. 17, 1991.

Dennis P. Conner and Elizabeth A. Best, Great Falls, Mont., for plaintiffs.

Jack L. Lewis and Robert B. Pfenning, Jardine, Stephenson, Blewett & Weaver, P.C., Great Falls, Mont., for defendant.

## MEMORANDUM AND ORDER

HATFIELD, Chief Judge.

### BACKGROUND

Plaintiff, Diane Neumann, is the daughter of the other named plaintiff, Helmut Neumann. For many years Diane was a named insured on a family health insurance policy procured by Helmut and issued by an insurance company which is not a party to this action. That particular policy covered all members of the Neumann family, including children under the age of 25. Helmut had paid the entire premium on that policy. In 1988, Helmut obtained health insurance for his family from the defendant, Aid Association for Lutherans ("AAL"). At that time Diane was 22 years of age. Because of Diane's age, she could not be insured under an AAL family policy purchased by Helmut. Consequently, a separate health insurance policy was issued by AAL to cover Diane. Helmut apparently paid the monthly premium necessary to keep Diane's policy in effect.

The present action has its genesis in a controversy between AAL and Helmut regarding the responsibility of AAL to provide coverage under the health insurance policy it issued to Diane for certain expenses incurred by Diane in obtaining medical treatment for temporomandibular joint disorder ("TMJ"). AAL has denied coverage of Diane's claims on the basis that Diane's TMJ was a "pre-existing" condition within the meaning of the policy and, under the terms of the policy, was excluded from coverage. Diane and Helmut have brought suit seeking monetary compensation against defendant AAL under the following theories of liability: breach of the terms of the insurance contract extant between Diane and AAL; breach of the implied covenant of good faith and fair deal-

ing attendant the insurance contract, in violation of the Unfair Trade Practices Act, Mont.Code Ann. §§ 33–18–201 *et seq.* (1987); fraud, actual and constructive; negligent and/or fraudulent misrepresentations; and promissory estoppel.

AAL has presented the court with a motion seeking dismissal of the complaint, as amended, to the extent the complaint seeks to advance a claim on behalf of Helmut. AAL contends the complaint fails to state a claim against AAL upon which relief can be granted in favor of Helmut. Specifically, AAL asserts that Helmut is neither an insured under the policy nor entitled to the payment of benefits, and consequently, has no legally protected interest upon which he can maintain a claim for monetary damages against AAL based upon that entity's refusal to provide coverage to Diane under the health insurance policy issued to her by AAL. Consistent with its position that there exists no basis for Helmut to prosecute a claim for breach of contract under the health insurance policy issued to Diane, AAL also contends that Helmut is precluded from maintaining a cause of action for breach of the Unfair Trade Practices Act, Mont.Code Ann. §§ 33–18–201 *et seq.*, since Helmut is neither an insured nor a third-party claimant within the contemplation of the Unfair Trade Practices Act.

Helmut argues that he should be considered a "third-party claimant" with respect to the AAL policy issued to Diane, entitled to prosecute an action pursuant to Mont.Code Ann. § 33–18–201 (1987), predicated upon AAL's alleged failure to satisfy the obligations imposed by that statute. Helmut relies principally upon the fact that he paid the premiums on the policy. Helmut also asserts he is entitled to maintain an action in his own right for AAL's alleged violations of those provisions of the Unfair Trade Practices Act, specifically Mont.Code Ann. §§ 33–18–202 and 204 (1987), which prohibit an insurance company from misrepresenting the terms of an insurance policy offered for sale in the State of Montana.[1] Contrary to the sug-

---

1. Mont.Code Ann. § 33–18–202 (1987) prohibits

any person from misrepresenting, *inter alia,* the

gestion of AAL, Mont.Code Ann. § 33–18–242 (1987) does not, Helmut submits, operate to limit claims for relief under the Unfair Trade Practices Act to those claims that are based upon the conduct proscribed by Mont.Code Ann. § 33–18–201 (1987).[2] Rather, Helmut argues the limitation embodied in Mont.Code Ann. § 33–18–242(1) (1987) is applicable solely to actions predicated upon unfair claims settlement practices proscribed by Mont.Code Ann. § 33–18–201 (1987). In his opinion other independent causes of action remain viable under the revised statutory scheme. Helmut also argues both he and Diane are entitled to any other statutory or common law remedy available under the law of Montana, *i.e.,* fraud and misrepresentation.[3]

## DISCUSSION

The entire thrust of AAL's argument lies in its assertion that Mont.Code Ann. § 33–18–242(1) (1987) creates an independent cause of action in favor of an insured or a third-party claimant for actual damages caused by an insurer's violation of the specifically referenced subsections of Mont. Code Ann. § 33–18–201 (1987) and, by implication, precludes an individual from maintaining an independent cause of action against an insurer for conduct proscribed by any other section of the Unfair Trade Practices Act. Mont.Code Ann. Title 33, Chapter 18, Part 2. AAL suggests the language of Mont.Code Ann. § 33–18–242 (1987) belies Helmut's position to the contrary. AAL also presses the court to recognize that prior to the passage of section 33–18–242, no private right of action was recognized under the provisions of Chapter 18, Title 33 of the Montana Code.

The Montana Supreme Court, to this point in time, has not had occasion to address the precise issue presented. Although both parties argue the legislative history attendant to the enactment of Mont.Code Ann. § 33–18–242 (1987) provides support for their respective positions, that legislative history is of little assistance in resolving the issue. AAL does, however, cite the court to a previous decision by this court in *Shupak v. New York Life Ins. Co.,* CV–89–88–BLG (D.Mont. March 5, 1991) (informally published in 9 Mont.Fed. Rptr. 348) in support of its position. In *Shupak,* the court addressed whether an independent cause of action could be main-

benefits, advantages, conditions, or terms of any insurance policy. Mont.Code Ann. § 33–18–204 (1987), in turn, prohibits any person from making or issuing any written or oral statement misrepresenting or making incomplete comparisons as to the terms, conditions, or benefits contained in any insurance policy for the purpose of inducing an individual policyholder from lapsing, forfeiting, surrendering, retaining, exchanging or converting any insurance policy.

2. Mont.Code Ann. § 33–18–242 (1987) provides, at subsection 1:

An insured or a third-party claimant has an independent cause of action against an insurer for actual damages caused by the insurer's violation of subsection (1), (4), (5), (6), (9), or (13) of 33–18–201.

Subsection 3 of section 242 further provides: An insured who has suffered damages as a result of the handling of an insurance claim may bring an action against the insurer for breach of the insurance contract, for fraud, or pursuant to this section, but not under any other theory or cause of action. An insured may not bring an action for bad faith in connection with the handling of an insurance claim.

3. The argument presented by Helmut focuses on his entitlement to pursue statutory and common law remedies other than the remedy specifically provided by Mont.Code Ann. § 33–18–201 (1987) relating to unfair claims settlement practices. Without a pointed discussion, however, Helmut suggests he is also entitled to prosecute an action against AAL, in his own right, pursuant to section 33–18–201. Specifically, Helmut asserts he, as well as Diane, may obtain relief for AAL's alleged failure to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of "their" claim, in which they contend liability had become reasonably clear, all in violation of section 33–18–201(6). However, Helmut concedes, as he must, that he is not a named insured under the policy issued by AAL to Diane. Because Helmut is neither an insured under the policy nor a "third-party" asserting a claim for relief against an insured covered by the terms of the policy, he may not assert a claim against AAL which is based upon the obligations imposed upon AAL by Mont.Code Ann. § 33–18–201 (1987). The relationship which existed between Helmut and AAL is not one which falls within the purview of Mont. Code Ann. § 33–18–201 (1987). Accordingly, there exists no basis upon which Helmut may prosecute a claim for relief against AAL pursuant to Mont.Code Ann. § 33–18–201 (1987).

tained under Mont.Code Ann. §§ 33–18–204 and 212. The court stated:

Other than allowing an independent cause of action for an insured or a third-party claimant under certain subsections of section 33–18–201 (citations omitted), neither the Montana Legislature nor the courts has (sic) expressly granted a private right of action under the provisions of Chapter 18, Title 33. The Legislature has, however, granted broad powers of enforcement to the Montana Insurance Commissioner. *See,* Mont.Code Ann. §§ 33–18–101, *et seq.* In light of the clear delineation by the Montana Legislature of those provisions of Chapter 18 that will support an independent cause of action by an insurer or a third-party claimant, and in the absence of any indication that the Legislature intended other sections to do so, this court finds that sections 33–18–204 and 212 do not give rise to a private right of action.

Slip op. at pp. 18–19. Applying the maxim *expressio unius est exclusio alterius* to the construction of Mont.Code Ann. § 33–18–242(1), the court concluded the exclusion of any reference to other sections of Part 2, Title 33, Chapter 18, must be viewed as inferring a legislative intent that the other sections do not give rise to a private right of action. The court based its decision principally upon the fact the statutes at issue were part of a "model" insurance code, designed under the auspices of the National Association of Insurance Commissioners, and which has been interpreted in other jurisdictions as not intended to create a private right of action for its violation. *Id.* at 16 (*citing, Moradi–Shalal v. Firemans Fund Ins. Cos.,* 46 Cal.3d 287, 250 Cal.Rptr. 116, 758 P.2d 58 (1988).

■ I agree with the conclusion reached by Judge Battin in *Shupak* that Mont.Code Ann. §§ 33–18–202 and 204 (1987) do not give rise to an independent cause of action. The express language of Mont.Code Ann. §§ 33–18–242 (1987) compels this conclusion. However, it must be emphasized that the limitation imposed by Mont.Code Ann. § 33–18–242 (1987) relates only to independent causes of action predicated upon an insurer's violations of the duties imposed by Part 2, Chapter 18, Title 33 of Montana Code Annotated, and does not operate to vitiate any independent claim an individual may have against an insurance company predicated upon duties imposed by the common law, or other statutory law of the State of Montana. This caveat is of particular importance in the present case since, as noted, Helmut has, in fact, advanced other claims for relief against AAL independent of the Unfair Claims Settlement Practices provisions of the Montana Insurance Code.

As indicated, Helmut advances a claim against AAL under the theory of promissory estoppel. Specific comment upon the viability of that particular claim is warranted, since AAL specifically argues that claim should be dismissed.

■ Helmut states he paid the premiums upon the AAL policy issued to Diane and had assumed responsibility for all expenses incurred by Diane in obtaining treatment for the medical condition suffered by Diane. Relying upon the rationale expressed by the Montana Supreme Court in *Tynes v. Bankers Life Co.,* 224 Mont. 350, 730 P.2d 1115 (1986), Helmut asserts that he has stated a claim for relief based upon the theory of promissory estoppel. The court agrees.

In *Tynes,* a father, whose son had been denied coverage under a health insurance policy, guaranteed payment of certain medical expenses incurred by the son, after the father had been promised by the defendant insurer that it would cover those expenses. 730 P.2d at 1118–19. The Montana Supreme Court held that the father could properly rely upon the defendant insurer for its failure to ultimately provide coverage for the medical expenses, since the father, in reliance upon the promise, acted to his detriment in guaranteeing payment of all non-covered expenses incurred in the treatment of his son. *Id.* In reaching its conclusion, the Montana Supreme Court acknowledged the State of Montana's adoption of the RESTATEMENT OF THE LAW OF CONTRACTS definition of promissory estoppel:

A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.

730 P.2d at 1123. Consequently, *Tynes* establishes that to sustain a claim based upon promissory estoppel, a plaintiff must show " '(1) a promise clear and unambiguous in its terms; (2) reliance on the promise by the party to whom the promise is made; (3) reasonableness and foreseeability of the reliance; (4) the party asserting reliance must be injured by the reliance.' " 730 P.2d at 1123 (*quoting, Keil v. Glacier Park, Inc.*, 188 Mont. 455, 462, 614 P.2d 502, 506 (1980)).

In pressing for dismissal of Helmut's claim for relief based upon promissory estoppel, AAL suggests the present situation is distinguishable from that presented in *Tynes*. Specifically, AAL asserts that Helmut has failed to establish that he is legally obligated for any expenses incurred by Diane in the treatment of the TMJ from which she suffers. In that regard, AAL has presented a "Financial Agreement" executed by Diane Neumann which indicates that she is the responsible party for the orthodontic treatment she has received. AAL contends that because Helmut cannot establish that he acted to his detriment in reliance upon any representation by AAL, he may not rely upon the doctrine of promissory estoppel to recover any monies he may have expended in payment of the expenses incurred by Diane in receiving treatment.

Helmut's situation may indeed be distinguishable from that in which the father in *Tynes* found himself, in the sense there exists no indication that, in reliance upon a promise by the AAL, Helmut guaranteed payment of all expenses incurred by Diane in the treatment of her TMJ. Nonetheless, the allegations of Helmut's complaint state a claim upon the theory of promissory estoppel. The entire thrust of Helmut's complaint is that an agent of AAL induced him to drop his then existing family health insurance policy in favor of the AAL policy, by promising Helmut that AAL would pay the medical bills associated with Diane's TMJ. In reliance upon that promise, Helmut alleges he cancelled his former family health insurance policy, under which Diane was covered. These allegations state a claim for relief against AAL in favor of Helmut, in his own right, independent of the contract between Diane and AAL. It cannot be seriously argued that Helmut did not have an absolute right to provide the security for his family, including dependent children of majority age, that a sound health insurance policy provides. That security was lost when Helmut, allegedly in reliance upon misrepresentations advanced by AAL, canceled his former family health insurance policy. Whether Helmut can prove the elements essential to sustain the claim of promissory estoppel, including the element of damages, presents a matter to be determined by the trier of fact based upon the evidence adduced at trial.

■ AAL's argument to the effect that Helmut must establish that he is legally responsible for the medical expenses incurred by Diane to sustain his claim of promissory estoppel is misguided. The doctrine of promissory estoppel is founded in principles of equity, designed to promote justice, honesty and fair dealing, and to discourage fraud and prevent injustice. *See, Keneco v. Cantrell,* 174 Mont. 130, 568 P.2d 1225 (1977). An estoppel need not rest upon consideration or legal obligation. *See, Fiers v. Jacobsen,* 123 Mont. 242, 211 P.2d 968 (1949); *Hostetter v. Inland Development Corp. of Montana,* 172 Mont. 167, 561 P.2d 1323 (1977).

■ A motion to dismiss for failure to state a claim for relief under Fed.R.Civ.P. 12(b)(6) is not to be granted unless it appears to a certainty that the plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). In view of this standard, and considering the allegations of Helmut's complaint, the motion to dismiss of AAL, to the extent it seeks dismissal of Helmut's claim for relief

based upon the doctrine of promissory estoppel is appropriately DENIED.

Therefore, for the reasons set forth herein, IT IS HEREBY ORDERED that the motion to dismiss of the defendant, Aid Association for Lutherans, is GRANTED to the extent it seeks dismissal of the claims advanced by the plaintiff Helmut Neumann which are predicated upon the Unfair Trade Practices Act of the Montana Insurance Code, Mont.Code Ann. §§ 33–18–201 *et seq.*, or upon the express contract for insurance extant between the defendant, Aid Association for Lutherans, and the plaintiff, Diane E. Neumann. The motion is, however, DENIED to the extent it seeks dismissal of the claims advanced by the plaintiff Helmut Neumann predicated upon the theories of fraud, negligent and/or fraudulent misrepresentation, and promissory estoppel.

IT IS FURTHER ORDERED that the motion of the defendant, Aid Association for Lutherans, to the extent the motion seeks dismissal of the plaintiffs' claims for attorney's fees and punitive damages be, and the same hereby is, DENIED.